UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LAURI JOHNSON,<br>     Plaintiff<br><br>v.<br><br>LIBERTY LIFE ASSURANCE<br>COMPANY OF BOSTON,<br>     Defendant | Civil Action No.<br><br><br><br>**COMPLAINT** |

### INTRODUCTION

This is a claim to recover disability insurance benefits under an employer sponsored Long Term Disability Plan insured by The Liberty Life Assurance Company of Boston ("Liberty") and subject to the Employer Retirement Income Security Act ("ERISA").

### PARTIES

1. The plaintiff, Lauri Johnson (hereinafter referred to as "Lauri") is an individual residing in Merrimack, New Hampshire.

2. Lauri was employed at all relevant times by Centene Management Company ("CMC") which sponsored a long term disability plan (the "LTD plan").

3. The LTD plan was fully insured by a LTD policy ("the policy") underwritten by the Liberty Life Assurance Company of Boston. ("Liberty").

### JURISDICTION AND VENUE

4. On information and belief, this Court has original jurisdiction for claims for benefits arising under 29 U.S.C. §1132.

### FACTS

5. At all relevant times, Lauri was an employed by CMC.

1

6. At all relevant times, Lauri was a participant in the LTD plan. The effective date for her LTD coverage was December 1, 2015. The LTD policy excluded payment for disability caused by a pre-existing condition. The policy states in part:

> This policy will not cover any disability or partial disability:
>
> 1. Which is caused or contributed to by, or results from, a pre-existing condition; and
>
> 2. Which begins in the first 12 months immediately after the covered persons effective date of coverage, unless he received no treatment of the condition for any three consecutive months after his effective date of coverage.
>
> Pre-existing condition means a condition resulting from an injury or sickness for which the covered person is diagnosed or received treatment within three months prior to the covered persons effective date of coverage.

7. Lauri last worked for CMT in October 2016. Her disability started on October 18, 2016. Liberty paid all short term disability benefits to Lauri.

8. The conditions that disabled Lauri were first diagnosed in January 2017.

9. Liberty performed a pre-existing condition investigation of Lauri's disability claim. Liberty had training materials regarding pre-existing conditions that stated, among other things, that:

   a. Pre-existing condition exclusions are included in contracts as a way of managing cost. The intent is to prevent benefits from being paid for claims where the disabling condition was in existence and being treated prior to the claimant's effective date of coverage.

   b. If there is any doubt about the treatment that the claimant receives during the pre-existing period, you should consult with doctors to verify that the treatment is actually tied to the disabling condition for which the claimant has filed a claim. Remember, some treatments can be used for more than one condition, so you want to be sure you know which the treatment was tied to.

   c. Did the claimant received treatment for the condition for which they are currently claiming disability within the specified number of months prior to the effective

> date of coverage? If no, the investigation ends. The claimants disabling condition is not pre-existing to the effective date of coverage.

10. As part of its pre-existing condition investigation, Liberty had a neurologist, Dr. Danny Estupinan, who was not a Liberty employee, review all of Laura's medical and pharmacy records. In regards to Lauri's care and treatment during the pre-existing condition period, Dr. Estupinan concluded, in part, that:

> There is no documentation available for review to identify diagnoses claimant received as no documentation is provided by treating neurologist during that period of time without any clear diagnosis of neurological disorder noted at that time outside of chronic migraines and fibromyalgia previously noted by Family medicine APRN Laura Mullen. Claimant's up-to-date neurological diagnosis are based on more recent documentation by neurologist Dr. Peter Novak from January 10, 2017 through April 18, 2017 and physician statement letter from June 9, 2017.

11. Following the receipt of Dr. Estupinan's conclusion, Liberty referred Lauri's medical records to an internal physician, employed by Liberty, who concluded, contrary to Dr. Estupinan, that there was evidence of a pre-existing condition.

12. On August 8, 2017 Liberty denied Lauri's disability claim based on the pre-existing condition exclusion.

13. Lauri timely appealed the denial of her disability claim.

14. On April 26, 2018 Liberty denied Lauri's appeal and reaffirmed its earlier decision not to pay Lauri's disability claim based on the pre-existing condition exclusion.

## COUNT I

15. Lauri restates and realleges paragraphs 1 through 14 and incorporates the same by reference as if fully set forth herein.

16. Liberty's denial of Lauri's LTD disability insurance claim and appeal was arbitrary and was inconsistent with the terms of the LTD Plan.

17. As a result of the plan's refusal and failure to pay Lauri's LTD insurance benefits, Lauri is entitled to recover benefits and to enforce her rights under the plan.

WHEREFORE, the Plaintiff, Lauri Johnson demands relief and judgment against the Defendant as follows:

1. Injunctive relief declaring the rights, duties and remedies of the parties regarding his claim for benefits under the long term disability plan and policy.

2. An amount of damages to be determined by this Court, or jury, plus pre-judgment interest, post-judgment interest, costs and reasonable attorneys' fees allowed by statute or otherwise.

    Respectfully submitted for the Plaintiff,

    LAURI JOHNSON

    By: /s/George M. Thompson Jr.
    George M. Thompson, Jr., Esq.
    BBO No. 55603
    The Law Office of George Thompson
    P.O. Box 1181
    Westborough, MA 01581
    Phone: (508) 366-1304
    gthompson@gthompsonlegal.com

Dated: July 30, 2018